Green, J.
delivered the opinion of the court.
This is an action against the maker and endorser of a promissory note. The declaration alleges that John Frank, on the 3d day of March, 1848, executed his promissory note of that date, by which he promised, sixty days after the date thereof, to pay Bruns the sum of two hundred and ninety dollars, and sixty cents, at the Union Bank at Memphis, and that said Bruns afterwards, to wit, on the 3d day of March, 1848, endorsed and delivered *725 the same to the said plaintiffs; “ and the said plaintiffs aver, that afterwards, when the said sum of money in the said promissory note specified, became due and payable, to wit, on the 2nd day of June, 1848, the same was presented at the branch of the Union Bank of Tennessee at Memphis for payment, and payment thereof was then and there duly demanded, &c.”
The defendants pleaded non-assumpsit, and there was a verdict and a judgment for the plaintiffs. The defendants prosecute this writ of error, and assign for e^ror that from the declaration it appears, that the demand for payment was made twenty-eight days after the note became due and payable, and, therefore, the endorser is not bound.
This, at the first blush, seemed to be a fatal objection to this declaration, but upon looking into the authorities, we are satisfied that there is no error in the judgment. The declaration avers that, “when the said promissory note became due and payable, to wit, on the 2nd day of June, 1848, &e.,” demand was made. Now the averment, that the demand was made “ when the note became due and payable,” is suíficient; and the statement of the day, afterwards made, under a scilicet was immaterial, and may be regarded as surplusage. And if there be a repug-nancy between the material averment, and that which is surplusage, the latter statement will be disregarded. Binner vs. Russell, 1 Bing., 23; 8 Eng. Com. Law Rep., 230; Chitty on Bills, Am. Edi, note h; 1 Bac. Ab., 215, 730; Wells vs. Weedley, 5 How. Miss. Rep., 493.
If demand was made when the note became due and payable, such demand must have been made on the 5th of May, and not on the 2nd of June, as stated under the scilicet. Let the judment be affirmed.